(6 Misc. Rep. 404.)

### STEARNS v. TEW et al.

(Supreme Court, Special Term, Erie County. January, 1894.)

MUNICIPAL CORPORATIONS—INSPECTORS OF PLUMBING.
    A temporary injunction, granted in an action to restrain the payment of claim for services as an inspector of plumbing in a city, will not be disturbed where the affidavits read on the motion to dissolve leave in doubt whether the claimant received a proper certificate from the super-vising board of plumbers, which, under Laws 1892, c. 602, is a pre-requisite to assuming the duties of a plumbing inspector.

Action by Frank M. Stearns, as a taxpayer and citizen of the city of Jamestown, against Harvey W. Tew and the common council of said city of Jamestown, to prevent said common council from pay-ing, and said Tew from receiving, compensation as plumbing in-spector. Defendant Tew moves to dissolve a temporary injunction. Denied.

A. C. Pickard, for plaintiff.
Frank W. Stevens, for defendant Tew.

WARD, J.  This is an action commenced about the 20th of November last by Frank M. Stearns, taxpayer and citizen of the city of Jamestown, against the defendants, to prevent the common council from paying, and the defendant Tew from receiving, compensation as plumber inspector of the city of Jamestown, appointed pursuant to chapter 602 of the Laws of 1892, for the reason that the appointment of the said Tew was illegal and void, and he had no right to the said office or to perform the duties thereof.  A temporary injunction was obtained, which the defendant Tew now moves to dissolve.  He alleges that he, at the time of his appointment, was a citizen and actual resident of the city of Jamestown, such appointment having been made the 10th of November last by the board of health of the said city, and that he is a practical plumber, within the intention and meaning of section 7 of the aforesaid chapter 602;  that he had submitted to a regular examination by the examining and supervising board of plumbers and plumbing of the said city for certificate as a master plumber;  that he passed such examination, and received from such board a certificate as such master plumber, and now holds the same;  that thereafter the said board granted to deponent a certificate as inspector of plumbing in the said city, which he now holds;  that this certificate as master plumber was granted prior to his appointment as inspector of plumbing.  These certificates are not set forth in the moving papers in haec verba, and I am not, therefore, able to see whether they complied with the statute.  The plaintiff's replying affidavits give a statement of two of this examining board, and they depose without qualification that the defendant Tew applied for an employing plumber's certificate only, and as agent only, and was not, and never has been, granted a master plumber's certificate by the said board, but that they granted him a certificate, a copy of which is attached to their affidavit, and is as follows:

"The examining and supervising board of plumbers and plumbing of the city of Jamestown, N. Y., has examined Mr. Harvey W. Tew, No. 112 East Third street, Jamestown, N. Y., and the board hereby certify that he is competent to act as employing plumber."

These gentlemen further depose that no certificate other than this was granted prior to the commencement of this action to the defendant Tew;  that after the commencement of the action three of the five members of the board executed a certificate to Tew as an inspector of plumbing for the city of Jamestown.  The papers do not disclose the terms of this certificate, and I am therefore unable to discover whether it complies with the statute.  By chapter 602 of the Laws of 1892 the legislature authorized the appointment in the city of Jamestown and other cities, by the mayors thereof, of a board for the examination of plumbers of such cities, to be known as the "Examining and Supervising Board of Plumbers and Plumbing."  The board should consist of five persons.  This board was appointed for the city of Jamestown.  Among the duties

devolving upon said board was "to examine all persons desiring or intending to engage in the trade, business or calling of plumbing as employing plumbers in the city * * * with the power of examining all persons applying for certificates of competency as such employing or master plumbers or as inspectors of plumbing; to determine their fitness and qualifications for conducting the business of master plumbers or to act as inspectors of plumbing, and to issue certificates of competency to all such persons who shall have submitted to and passed a satisfactory examination before such board and shall be by it determined to be qualified for conducting the business as employing or master plumbers or competent to act as inspectors of plumbing." Section 4, subd. 2. By section 7 of this act the board of health of the city was authorized to appoint an inspector or inspectors of plumbing, but such inspectors "shall be practical plumbers, not engaged directly or indirectly in the business of plumbing during the period of their appointment, and they shall be citizens and actual residents of the city in which they are appointed, and before entering upon the discharge of their duties as such inspectors each shall be required to obtain a certificate of competency from said examining board." A mass of affidavits was presented upon the motion upon the question as to whether the defendant was a practical plumber. Affidavits from the members of the board of health disclose that they regarded him as such, and considered that question at the time of his appointment. The fair construction of this statute, having in view its purposes and objects, would lead to the conclusion that the plumber to be selected must be something more than a mere employer of other plumbers. He must, in the language of the statute, be a practical plumber,— that is, he must have had such experience in the business of plumbing as qualifies him to be an inspector in this important work; and the statute forbids the inspector from entering upon the discharge of his duties until he has obtained a certificate of competency from said examining board. So, while the board of health may appoint an inspector, he must be a practical plumber; he must reside in the city and be a citizen thereof. Unless these conditions obtain, the board of health gets no jurisdiction to make the appointment, and, if not, an action can be maintained in behalf of a citizen and taxpayer of the city, under section 1925 of the Code of Civil Procedure, preventing waste or injury to the funds of the city. While it appears that the defendant Tew obtained a certificate after the commencement of this action as inspector of plumbing, it does not appear whether it was a certificate of competency as inspector from the examining board. The defendant would not be entitled to any compensation as inspector until he had received such certificate, as he could not enter upon the discharge of the duties of his office without it. I shall not assume to dispose of the question of fact raised by the affidavits and papers upon this motion as to whether the defendant Tew was a practical plumber; that is a question to be tried in this action. From all the papers, I am not satisfied that this injunction was improperly granted, or that the board of health obtained jurisdiction to make this appointment, or that the

defendant Tew has received the proper certificate entitling him to enter upon the discharge of the duties of his office. The motion must therefore be denied, but, as the questions are new and difficult, it will be without costs, and without prejudice to the defendant Tew, if he should be so advised, to renew this motion upon the same papers, and such additional papers as may relieve the matter, if he can, from the difficulties in the defendant's way that have been indicated. Let an order be entered accordingly.